STATE OF VERMONT

ENVIRONMENTAL COURT

Town of St. Albans, Plaintiff,      }
                                    }
                                    }
v                                   }   Docket No. 106-7-99 Vtec
                                    }
Richard Deso and Suzanne            }
Deso,  Defendants.                  }

Decision and Order

The court considered four consolidated cases all involving a mobile home display and sales facility operated on property owned by Defendants Richard and Suzanne Deso on the east side of Sheldon Road (Vermont Route 105) in the Town of St. Albans. The business, D & H Housing, is a Vermont company of which Mr. Deso is a principal. In Docket No. 106-7-99 Vtec, the Town took enforcement action against Defendants, asserting that they were operating a motor vehicle and equipment sales and service business on their property without a permit, and that they had installed a sign for the business without a sign permit.

Defendants are represented by George D. Harwood, Esq.; the Town is represented by David A. Barra, Esq.; a neighbor, Maurice Remillard, entered his appearance and represented himself. The Court ruled on the merits of the four cases, and allowed the parties to file supplementary memoranda on the appropriate penalty in light of the ruling on the merits. The Court found that Defendants had violated the Zoning Bylaws since March 11, 1999 by placing more than the single permitted mobile home on their property and by displaying, offering for sale and selling mobile homes from their property in the Rural zoning district, in which district a motor vehicle and equipment sales and service business is neither a permitted nor a conditional use. Further, the Court found that they had violated the Zoning Bylaws since April 13, 1999 by installing a sign for the business without a sign permit. The Court ordered the immediate removal of the sign and any mobile home beyond the one for which they held a permit.

The Court found that Defendants installed their sign in approximately early April of 1999, and that the Notice of Violation required removal of the sign by April 13, 1999. The Court= s order was issued on May 10, 2000, a period of 392 days from April 13, 1999.

The Court found that Defendants commenced the sale of mobile homes on the premises in November or December of 1998, and that in November of 1998, Mr. Deso applied for and received a permit to erect a single double-wide mobile home on the premises; although the application disclosed no request to use the mobile home for other than as a single family residence. Defendants made no application for a permit for a commercial use and placed the second mobile home on the property in approximately early March of 1999. They maintained two mobile homes on the property, one of which was hooked up and used as an office and model, the other was not hooked up and was used only as a model. Customers came to the property, looked at the models, and ordered their homes shipped directly from the manufacturer, except that annually the mobile homes located on the property were sold and removed, and replaced with newer models. The Notice of Violation for carrying on this commercial business without a permit, required Mr. Deso to cease operation and take corrective action by March 11, 1999. The Court= s order was issued on May 10, 2000, a period of 426 days.

The parties provided no evidence of the economic advantage gained by Defendant by operating the business from this site for that period of time, nor the avoided costs of moving at least the one unpermitted mobile home, if not also the business office. The Town presented an affidavit of its

costs of enforcement, exceeding $3,000, with its supplemental memorandum, <u>Town of Hinesburg v. Dunkling</u>, 167 Vt. 514 (1998), which has not been countered or objected to by Defendants. Defendants argued in their memorandum that the Town= s costs of enforcement should be offset by Defendants costs of compliance, but provided no affidavit or other evidence of those costs.

Defendants argue that no penalty should be imposed until the appeal is resolved, citing

<u>Village of Ludlow v. Tofferi</u>, Docket No. 213-11-98 Vtec (Vt. Envtl. Ct., December 6, 1999). However, in that case the appeal referred to will determine whether a building will have to be removed or not, which will thereafter affect the calculation of costs of compliance. In the present case, a penalty can be calculated. If necessary, Defendants may apply to the Court or stipulate with the Town for a stay of its payment pending appeal; the appeal can then address the entire case.

This case does not warrant a penalty of the full fifty dollars per day per violation allowable under the statute and regulations as of the time of violation, as Defendants had a reasonable argument that the prior use of the property made a permit unnecessary. On the other hand, they gained an economic advantage by continuing to operate while their appeals were pending.

It is difficult to assess the sign violation independently of the commercial operation violation, especially without evidence as to the cost of the sign or the amount of business, much less the amount of profit, generated by the sign. A penalty for the sign violation of $2.00 per day for the 392 days of violation, or a total of $784 for the sign violation, will be sufficient to contribute to the Town= s compensation for the costs of the enforcement action as well as to deter Defendants from future sign violations.

The violation for commercial operation without a permit is the more serious, especially in light of the fact that Defendants did not in fact qualify for a conditional use permit to continue the commercial operation. Regardless of the number of mobile homes sold from the property, the penalty for this violation should be sufficiently large to compensate the Town for the costs of the enforcement action as well as to deter Defendants from future zoning violations. A penalty of $10 per day for the 426 days of violation, or a total of $4,260 should be imposed for the violation for commercial operation.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Defendants shall pay a penalty in the total amount of $5,044.

Done at Barre, Vermont, this 8th day of January, 2001.

_____
Merideth Wright
Environmental Judge